UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEIVID JORDEN VASQUEZ-HERRERA,
Petitioner,
v.
DIRECTOR, OTAY MESA DETENTION CENTER, et al.,
Respondents.

Case No.: 26-cv-02075-BJC-SBC

**ORDER: (1) DENYING SUPPLEMENTAL MOTION [ECF No. 10]**

**(2) DENYING MOTION TO EXPEDITE [ECF No. 11] AND**

**(3) DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Presently before the Court is Petitioner Deivid Jorden Vasquez Herrera's ("Petitioner") second Petition for a Writ of Habeas Corpus filed pursuant to 28. U.S.C. § 2241. ECF No. 1. Petitioner challenges his detention by the Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE"). *Id*. Liberally construed, Petitioner argues that his current detention violates his due process rights under the Fifth Amendment, among other relevant immigration statutes. *See id.*

For the reasons set forth below, the Court **DENIES** the Petition and **DENIES** both the Supplemental Motion Regarding Deteriorating Health During Prolonged Detention and the Motion to Expedite Consideration of the Petition for Writ of Habeas Corpus. ECF No. 10; ECF No. 11.

## I. BACKGROUND

As noted above, this is not Petitioner's first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court takes judicial notice of *Vasquez-Herrera v.*

*Divver, et al.*, No. 26-cv-00682-BJC-VET (S.D. Cal.) ("*Vasquez-Herrera I*"). *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records). On February 3, 2026, Petitioner, represented by counsel, filed his first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his continued detention exceeds statutory authority and violates the Fifth Amendment. *See Vasquez-Herrera I*, ECF No. 1. The Court granted the petition and ordered Respondents to hold a bond hearing within fourteen days of the order, enjoined Respondents from transferring Petitioner before the bond hearing occurred, and specified that the bond hearing could not be denied based on 8 U.S.C. § 1225. *Vasquez-Herrera I*, ECF No. 6.

Petitioner received a bond hearing before an immigration judge ("IJ"), which was denied. *See* ECF No. 7 at 3.

On March 31, 2026, Petitioner brought a Motion to Enforce the Judgment in *Vasquez-Herrara I*, challenging the constitutional adequacy of the bond proceedings. *Vasquez-Herrera I*, ECF No. 7. On that same date, Petitioner, then proceeding *pro se*, initiated this case ("*Vasquez-Herrara II*"), by filing a second Petition for a Writ of Habeas Corpus, reasserting the constitutional inadequacy of his bond proceedings and prolonged detention in violation of due process. *Vasquez-Herrara II*, ECF No. 1 at 3. Petitioner's counsel entered a notice of appearance in this case on April 10, 2026. *See id.*, ECF No. 7.

Respondents also responded, arguing the Petition should be denied as moot or duplicative because Petitioner is raising the same issues the Court already resolved. *See id.,* ECF No. 6.

Despite having counsel, and in violation of local rules, Petitioner filed a *pro se* Traverse ("Traverse I") on April 23, 2026. *See id.*, ECF No. 8; Local Civ. R. 83.3(f)(1). On May 20, 2026, counsel for Petitioner also filed a Traverse ("Traverse II"). *See* ECF No. 9. On June 4, 2026, Petitioner filed a *pro se* "Supplemental Motion Regarding Deteriorating Health During Prolonged Detention." *See id.,* ECF No. 10. On July 24, 2026,

Petitioner also filed a *pro se* "Motion to Expedite Consideration of the Petition of Writ of Habeas Corpus." *See id.*, ECF No. 11.

On October 2, 2026, the Court denied the Motion to Enforce Petitioner's first habeas petition. *See Vasquez-Herrera I*, ECF No. 13. The Court held that the bond hearing complied with this Court's order and that Petitioner failed to exhaust his administrative remedies. *See id.*

**DISCUSSION**

As an initial matter, the Court considers whether Petitioner's *pro se* submissions filed *after* counsel made his appearance violated this Court's Local Rules. "Whenever a party has appeared by an attorney, the party may not afterwards appear or act in the party's own behalf in the action, or take any step in that action, unless an order of substitution has . . . been made by the Court, after notice to the attorney of such party, and to the opposite party." S.D. Cal. CivLR 83.3(f)(1).

Here, Petitioner's counsel entered his appearance on April 10, 2026, and has not moved for substitution or to be withdrawn as counsel in this matter. Civil Local Rule 83.3(f)(1) does not permit a represented party to act on their own behalf after an attorney's appearance. Therefore, the Court finds that any actions and motions filed *pro se* by Petitioner after counsel entered his appearance violate Local Civil Rule 83.3(f)(1). Therefore, the Court need not consider Traverse I, the Supplemental Motion Regarding Deteriorating Health During Prolonged Detention (ECF No. 10), or the Motion to Expedite Consideration of the Writ of Habeas Corpus (ECF No. 11).

Furthermore, irrespective of a local rule violation, the Petition must be dismissed because the merits of this case were previously decided on February 25, 2026. "A habeas petition is subject to summary dismissal when it is repetitive or duplicative." *Adamov v. Warden, Imperial Reg'l Det. Facility*, No. 3:26-cv-5311-CAB-DDL, 2026 WL 2871270, at *1 (S.D. Cal. Sep. 23, 2026) (citing *Salas v. Att'y Gen.*, No. 2:23-cv-01118-TL-TLF, 2023 WL 5826738, at *2 (E.D Wash. Aug. 21, 2023)).

The Court's Order on the Motion to Enforce in Petitioner's first habeas action challenged the same issues presently before the Court in this case. *See Vasquez-Herrera I*, ECF No. 13. The Court found that Petitioner failed to adequately demonstrate that the IJ abused his discretion at his bond hearing. *Id*. Additionally, the Court noted that Petitioner had not clarified whether he exhausted his remedies by appealing the bond determination to the Board of Immigration Appeals. *Id*. In Traverse II, Petitioner alleges that exhaustion is not required but fails to demonstrate why exhaustion should be waived. *See Vasquez-Herrera I*, ECF No. 9 at 4–5. Based on the record before the Court, Petitioner has not alleged any new claims that are not duplicative or that were undecided by the Motion to Enforce in *Vasquez-Herrara I*. Therefore, the Petition is denied without prejudice as duplicative. *See Long v. Semaia*, No. 26-CV-2560-AS, 2026 WL 1640642, at *1 (C.D. Cal. June 3, 2026) (dismissing § 2241 habeas petition filed by *pro se* petitioner as duplicative of § 2241 action filed by counsel, challenging the same immigration detention by counsel).

## CONCLUSION

Based on the foregoing, the Court **DENIES WITHOUT PREJUDICE** the Petition for a Writ of Habeas Corpus. ECF No. 1. The Court **DENIES** Petitioner's Supplemental Motion Regarding Deteriorating Health During Prolonged Detention (ECF No. 10) and **DENIES** the Motion to Expedite (ECF No. 11). As this concludes the litigation in this matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: October 9, 2026

Honorable Benjamin J. Cheeks
United States District Judge